# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

*Withdrawn*

Overruled by 2799

Honorable S. B. Buchanan, Jr.
County Attorney
Val Verde County
Del Rio, Texas

Dear Sir:

Opinion No. O-456
Re: Is the tax collector in coun-
ties of less than 210,000
population required to report
as fees of office a charge
made to an abstract company
for tax certificates issued
at the request of the abstract
company for the purpose of
showing the status of title
and for use in abstracts pre-
pared by them?

Your letter reads, in part, as follows:

"The Tax Assessor and Collector of
Val Verde County has asked for an opinion
on the following question:

"Is the tax collector, in counties
of less than 210,000 population, required
to report as fees of office a charge made
to an abstract company for tax certificates,
issued at the request of the abstract com-
pany for the purpose of showing the status
of title and for use in abstracts prepared
by them?"

Article 7258a, Vernon's Annotated Civil Statutes,
referred to in your letter, has no application whatsoever to
the question at hand. The population of Val Verde County
according to the last Federal census has 14,924, and we are
informed by the Comptroller's Office that the county officials

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable S. B. Buchanan, Jr., Page 2

of said county are compensated on a fee basis.

Articles 3896 and 3897, Vernon's Civil Statutes, read as follows:

"Art. 3896. (3894) To keep accounts -
Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers and to report his findings to the next succeeding grand jury or district court. In counties having no county auditor, it shall be the duty of the Commissioners' Court to make the examination of said books and accounts or have the same made and to make report to the grand jury as hereinabove provided.

"Art. 3897. (3895) Sworn statement -
Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the

fiscal year; and secondly, shall show the
amount of fees, commissions and compensa-
tions collected by him during the fiscal
year; thirdly, said report shall contain
an itemized statement of all fees, commis-
sions and compensations earned during the
fiscal year which were not collected, to-
gether with the name of the party owing
said fees, commissions and compensations.
Said report shall be filed not later
than February 1st following the close of
the fiscal year and for each day after
said date that said report remains not
filed, said officer shall be liable to a
penalty of Twenty Five ($25.00) Dollars,
which may be recovered by the county in
a suit brought for such purposes, and in
addition said officer shall be subject
to removal from office."

The last two paragraphs of Article 3891, Vernon's
Revised Civil Statutes, read as follows:

"The compensations, limitations and
maximums herein fixed in this Act for
officers shall include and apply to all
officers mentioned herein in each and
every county of this State, and it is
hereby declared to be the intention of the
Legislature that the provisions of this
Act shall apply to each of said officers,
and any special or general law inconsistent
with the provisions hereof is hereby ex-
pressly repealed in so far as the same may
be inconsistent with this Act.

"The compensation, limitations and
maximums herein fixed shall also apply to
all fees and compensation whatsoever col-
lected by said officers in their official
capacity, whether accountable as fees of
office under the present law, and any law,
general or special, to the contrary is
hereby expressly repealed. The only kind
and character of compensation exempt from
the provisions of this Act shall be rewards
received by Sheriffs for apprehension of

> criminals or fugitives from justice and
> for the recovery of stolen property, and
> moneys received by County Judges and Jus-
> tices of the Peace for performing marriage
> ceremonies, which sum shall not be ac-
> countable for and not required to be re-
> ported as fees of office."

It appears that the terms of the last above quoted article are inclusive to the extent that in order for fees to be exempted thereunder, they must be specifically excluded.

In the case of Nichols v. Galveston County (Sup. Ct. of Tex., 1921), 228 S. W. 547, Galveston County sued the appellant to recover certain fees and commissions received by him as Tax Assessor and Collector of Galveston County, who also performed the duties of Assessor and Collector for drainage district for which latter service he received a compensation for which recovery was sought. The Court, in considering the case, compared the articles under which compensation is allowed to Tax Assessors and Collectors for their services in assessing and collecting taxes of drainage districts to the article under which the Tax Assessor and Collector of the county may be designated Assessor and Collector for an independent school district, and receive in return for acting as such certain commissions. The Court considered situations arising under each article with respect to accountability of commissions received thereunder to be completely analogous. The Court cited the case of Ellis County v. Thompson, 66 S. W. 49, quoting from such case in the following language:

> "The phrase 'fees of all kinds' embraces
> every kind of compensation allowed by law to
> a clerk of the county court, unless excepted
> by some provision of the statute * * * The
> exceptions are so definite that by implica-
> tion all fees not mentioned in the exceptions
> are excluded therefrom, and thereby included
> within the requirement of the act."

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this Department that the above mentioned compensation received by the Tax Assessor-Collector for preparing tax certificates issued at the request of abstract companies must be accounted for as fees of office.

Honorable S. B. Buchanan, Jr., Page 5


Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:RS


APPROVED DEC 21, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

